# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 5, 2011

No. 11-10734
Summary Calendar

Lyle W. Cayce
Clerk

ALVIN HUGHES,

Plaintiff-Appellant

v.

CITY OF DALLAS,

Defendant-Appellee

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:11-CV-352

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Alvin Hughes, Texas prisoner # 478107, moves for leave to proceed in forma pauperis (IFP) on appeal following the district court's denial of his IFP motion and certification that his appeal was not taken in good faith. He seeks to appeal the dismissal of his civil rights suit alleging that the City of Dallas violated his rights under 42 U.S.C. § 1983, the Americans with Disabilities Act (ADA), and Title VII of the Civil Rights Act of 1964 (Title VII) by taking an adverse employment action against him because he was on dialysis. The district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court dismissed the suit as frivolous and for failure to state a claim upon which relief could be granted because, inter alia, (1) Hughes had failed to exhaust his administrative remedies on the Title VII and ADA claims with the Equal Employment Opportunity Commission, and (2) his § 1983 claim was not sufficiently supported by facts.

Hughes's IFP motion challenging the district court's certification that his appeal was not taken in good faith "must be directed solely to the trial court's reasons for the certification decision." *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). This court's inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

Rather than address the district court's reasons for holding that his appeal was not taken in good faith, Hughes raises a series of patently meritless arguments, including that 28 U.S.C. §§ 1915(a) and 1915A are not applicable to prisoners and are unconstitutional. To the extent that he argues that the district court's certification was not adequate, he is mistaken. *See Baugh*, 117 F.3d at 202 n.21 (noting that in its certification decision a district court may incorporate by reference its reasons for dismissing the complaint).

Although we afford Hughes's pro se motion liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), he still must brief arguments to preserve them. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). His failure to address the district court's reasons for the certification is the same as if he had not challenged the district court's order. *See Brinkmann v. Dallas County Deputy Sheriff Abner,* 813 F.2d 744, 748 (5th Cir. 1987). He has failed to show that his appeal has arguable merit. *See Howard*, 707 F.2d at 220.

Accordingly, both Hughes's IFP motion and his motion for appointment of counsel are DENIED, and the appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2; *Baugh*, 117 F.3d at 202 n.24. The district court's dismissal of Hughes's

complaint and our dismissal of this appeal both count as strikes under § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Hughes is CAUTIONED that if he accumulates three strikes, he will not be allowed to proceed IFP in any civil action or appeal filed while he is detained or incarcerated in any facility unless he is under imminent danger of serious physical injury.